UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**Vanessa Patiño; Viviana Patiño; ,** and;
others similarly situated,                                        COLLECTIVE ACTION

        Plaintiffs,
vs.

**El Rey del Chivito Corp.**,
a Florida corporation,; **Aron Wolfson**,
individually,

        Defendants.
_____/

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs Vanessa Patiño, Viviana Patiño, and others similarly situated, sue Defendants, El Rey del Chivito Corp., a Florida corporation, and Aron Wolfson, individually, and allege:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid minimum wages and overtime wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2. Plaintiff Vanessa Patiño is a person who rendered labor in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff Viviana Patiño is a person who rendered labor in Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant El Rey del Chivito Corp., is or was a Florida for profit corporation and conglomerate of related, closely, privately held entities which together have owned or operated

two restaurants operating under the registered fictitious name of "El Rey del Chivito", which name is in turn owned by Defendant El Rey del Chivito Corp. The corporate incarnation of "El Rey del Chivito Corp." is but one in a serial of corporate entities which have operated the "El Rey del Chivito" restaurants in consecutive years. The other related corporate entities include The Chivito King, Inc., Chivito, Inc., and El Rey del Chivito Corp.. The Defendant El Rey del Chivito Corp. operates its related restaurants or restaurant companies in Miami-Dade, including locations in Miami Beach, Florida and Sunny Isles, Florida where the Plaintiffs are or were employed.

5. Defendant El Rey del Chivito Corp. is a "person" and an "employer" within the meaning of 29 U.S.C., § 203 (a) and (d) and is hereinafter referred to as the "Employer".

6. Defendant Aron Wolfson, individually, and together with his conglomerate of related corporate entities, is the founder of the "El Rey del Chivito" restaurants and is the only person featured in the "About Us" link of the "El Rey del Chivito" website. See http://www.elreydelchivito.com/aboutus.html, a "screenshot" of which is attached hereto as Exhibit "A". Defendant Wolfson is an employer of the Plaintiffs in that he exercised supervisory control over the Plaintiffs and those similarly situated in connection with their employment at the "El Rey del Chivito" restaurants where they worked.

7. Each Defendant is a "person" and an "employer" within the meaning of the FLSA 29 U.S.C. §203 (a) and (d) and is hereinafter referred to jointly as the "Employer". Moreover, this same "Employer", individually and together as a group, which includes the various other related corporations (referenced in ¶4, above), is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

8. In the course of their employment with this Employer, each named Plaintiff, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was individually engaged in commerce because they were employed in a manner which required that they regularly use the implements of interstate commerce and directly interact and serve customers of the restaurants who traveled from other states and countries.

9. This action is brought by Plaintiffs Mr. Vanessa Patiño and Viviana Patiño, individually and on behalf of others similarly situated, to recover from the Employer unpaid minimum wages, unlawfully taken "tip credits", and unpaid overtime wage compensation, as well as additional sums on account of liquidated damages, costs and reasonable attorney's fees provided under 29 U.S.C., Sections 201, *et seq.,* and, specifically, under the provisions of 29 U.S.C., Sections 206 and 207.

10. Plaintiff Vanessa Patiño is a woman who was employed by the Employer at the "El Rey del Chivito" restaurant location in Miami Beach, Miami-Dade County, Florida from approximately May of 2010 through July of 2010. For that period of time, she was employed as a "waitress".

11. Plaintiff , Viviana Patiño is a woman who was employed by the Employer at the "El Rey del Chivito" restaurant location in Miami Beach, Miami-Dade County, Florida from approximately June of 2010 through August of 2010. For that period of time, she was employed as a "waitress".

12. Jurisdiction is conferred upon this Court by 28 U.S.C., Section 1337, and by 29 U.S.C., Section 216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers from throughout the United States and other countries and further provides service of goods sold

and transported from other states. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

13.     By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., Sections 203(r) and 203(s).

## ATTORNEY'S FEES

14.     Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay a reasonable attorney's fee for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

15.     Plaintiffs are entitled to an award of attorney's fees if they are prevailing parties in this action pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219 and other related authority.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wages)**

Plaintiff realleges paragraphs 1 through 15 as if fully set forth herein.

16.     The Employer is a conglomerate of related persons or entities engaged in the business of operating restaurants.

17.     At all times during their employment, Plaintiffs were hourly employees required to be paid a minimum hourly wage for all work performed for the Employer.

18      Throughout substantially all of their periods of employment with "El Rey del Chivito" restaurants, the Plaintiffs received no wages at all from the Employer but were rather required to work only for "tips" received from customers of the restaurants.

19. The Employer paid Plaintiffs, and those similarly situated, no wages at all, even though there is no applicable exception to the requirement that said Plaintiff or plaintiffs be paid the highest applicable minimum wage required by law.

20. Moreover, the Employer is not entitled to *any* so-called "tip credit" toward the applicable minimum wage and has actually paid less than required by law as the result of among other factors, the following: (a) Plaintiffs were required to work entirely "off the clock" for "tips only"; (b) Plaintiffs are not "tipped employees" within the meaning of the FLSA §3(m); (c) to the extent that they might otherwise have been "tipped employees" the Plaintiffs have not received their tips directly or completely, but have been required to share any tips generated by them with other employees who are not regularly working as tipped employees, such as "busboys"; (d) Plaintiffs were not advised in advance of their employment of any intention by the employer to take a "tip credit" toward the applicable minimum wage, or of the amount of such credit; (e) any tips received by the Plaintiffs come indirectly through an invalid tip pool or tip sharing arrangement for which the Employer is not entitled to take any tip credit; (f) the Employer has required Plaintiffs to perform functions which do not generate tip revenue, but has failed and refused to pay the applicable minimum wage for hours worked in those capacities, and; (f) the Employer has completely failed to maintain the types of books and records required in order to take *any* tip credit toward the obligation to pay the applicable minimum wage.

21. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.2, 516.4, 516.28 *et seq.,* and 531.35 and 531.50 *et seq.* and other applicable authority in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were not paid at all, or were paid well below the minimum wage rates required by both federal law, and under applicable Florida law

and Florida Constitution, whose higher minimum wage rates are made applicable under the FLSA. Other persons who are -- or who may become -- Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer and have also been systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

22. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages as required by the FLSA and remains owing Plaintiff and other similarly situated employees a minimum wage for at least the three year period preceding this lawsuit. Accordingly, Plaintiffs and other similarly-situated employees are entitled to recover double damages. Additionally, the Employer never posted any notice, as required by the FLSA and federal and state law generally, to inform employees of their federal rights to either overtime or minimum wage payments.

WHEREFORE, Plaintiffs and others similarly situated request double damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial for all unpaid minimum wages owing Plaintiff and those similarly situated employees for their entire applicable employment period with Defendants, or as much as is allowed by the Fair Labor Standards Act, whichever is greater. Additionally, and as an element of damages, the Plaintiffs demand return of any improperly taken tip credits by the Employer. In the event that Plaintiff and those similarly situated employees do not recover double damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid minimum wage and any and all other relief which this Court may deem reasonable under the circumstances.

## COUNT II – VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime Wages)**

Plaintiffs reallege paragraphs 1 through 15 as if fully set forth herein.

23. At all times during their employment, Plaintiffs, and those similarly situated, were hourly employees required to be paid by the hour for work performed for the Employer. Plaintiffs routinely worked overtime hours but were never paid at all for overtime hours worked in excess of forty in every work week. Other current and former similarly-situated employees of the Employer, who performed the same or similar duties for the Employer as Plaintiffs, were also not paid overtime wages as required by law.

24. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.2, 516.4, 516.28 *et seq.,* and 531.35 and 531.50 *et seq.,* and other applicable authority in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA, but no adequate provision was made by the Employer to properly pay them at the rate of time-and-a-half for all hours worked in excess of forty (40) hours per workweek as provided in the FLSA. Other persons who are -- or who may become -- Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer. Said other persons were also subject to the payroll practices and procedures described above.

25. The Employer failed to pay overtime compensation to Plaintiffs, and those similarly situated, based upon factors to include, the following: (a) Plaintiffs were required to work entirely "off the clock" for "tips only"; (b) the Employer has completely failed to maintain the types of books and records necessary and required in order to account for hours worked during any given work week; (c) the Employer has failed to timely disburse overtime compensation during the applicable pay period when the excess hours were worked.

26. The Employer knew and/or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiffs and other similarly situated employees their overtime wages due from the commencement of their employment and, as a result, they are entitled to recover double damages. Additionally, the Employer never posted any notice, as required by the FLSA and federal law generally, to inform employees of their federal rights to either overtime or minimum wage payments.

WHEREFORE, Plaintiffs and others similarly situated request double damages and reasonable attorney's fees and costs from Defendants, pursuant to the Fair Labor Standards Act as cited above to be proven at the time of trial, and for all unpaid overtime wages owing Plaintiffs and those similarly situated employees for their entire applicable employment period, or as much as is allowed by the FLSA, whichever is greater. In the event that Plaintiff and those similarly situated employees do not recover double damages, then Plaintiff and those similarly situated seek an award of prejudgment interest for the unpaid overtime compensation and any and all other relief which this Court may deem reasonable under the circumstances.

## **JURY DEMAND**

Plaintiffs, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: October 14, 2010

ANTHONY F. SANCHEZ, P.A.
Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:  305-665-9211
Fax:   305-662-2524
E-mail: afspalaw@aol.com

By:   /s/Anthony F. Sanchez
        Anthony F. Sanchez
        Florida Bar No. 0789925

8