UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23726-CIV-HUCK

Vanessa Patiño; Viviana Patiño;
Yemina Alvarez, and; others similarly situated,

    Plaintiffs,
vs.

El Rey del Chivito Corp., a Florida
corporation, and; Aron Wolfson, individually,

    Defendants.
_____/



## AGREED FINAL JUDGMENT

This matter having come before the Court on the Plaintiffs' "Fair Labor Standards Act Complaint" (D.E. 1), which is scheduled to commence trial June 6, 2011, the parties having conducted discovery, made a record sufficient to support the findings set forth herein, and agreeing to the entry of this Final Judgment in lieu of trial and in lieu of any and all rights of appeal, it is hereby

ORDERED AND ADJUDGED as follows:

1. Plaintiff Vanessa Patiño shall recover from the Defendants El Rey del Chivito Corp., a Florida corporation, and Aron Wolfson, individually, jointly and severally the sum of $7,076.00 on account of alleged unpaid wages and liquidated damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 and set forth in the Complaint and in the "Plaintiffs' Notice of Filing Initial Estimate of Wage Claims and Preliminary Calculations" (D.E. 14).

2. Plaintiff Viviana Patiño shall recover from the Defendants El Rey del Chivito Corp., a Florida corporation, and Aron Wolfson, individually, jointly and

severally the sum of $7,569.00 on account of alleged unpaid wages and liquidated damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 and set forth in the Complaint and in the "Plaintiffs' Notice of Filing Initial Estimate of Wage Claims and Preliminary Calculations" (D.E. 14).

3. Plaintiff Yemina Alvarez shall recover from the Defendants El Rey del Chivito Corp., a Florida corporation, and Aron Wolfson, individually, jointly and severally the sum of $24,845.75 on account of alleged unpaid wages and liquidated damages under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 and set forth in the Complaint and in the "Plaintiffs' Notice of Filing Initial Estimate of Wage Claims and Preliminary Calculations" (D.E. 14).

4. Additionally, the Plaintiffs shall recover from the Defendants the agreed sum of $ 10,509.25 on account of attorney's fees and costs hereby awarded pursuant to 29 U.S.C. §§ 201-219 making a total of $50,000.00, that shall bear interest at the federal judgment rate of interest prescribed by 28 U.S.C. §1961, for which let execution issue.

5. The Court shall retain jurisdiction to permit the Plaintiff and Defendant to file Notices of Default regarding the potential discounted satisfaction of this Final Judgment pursuant to the payment terms set forth in the Schedule "A" attached hereto.

**DONE** and **ORDERED** in Chambers, at Miami, Florida this 5th day of April, 2011.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Anthony F. Sanchez, Esq.
ANTHONY F. SANCHEZ, P.A.

Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:     305-665-9211
Fax:     305-662-2524
E-mail: afspalaw@aol.com

Gary Costales, Esq.
Attorney for Defendants
1200 Brickell, Suite 1230
Miami, FL 33131
Telephone:  (305) 375-9510
Facsimile:   (305) 375-9511
E-mail: costalesgary@hotmail.com

## SCHEDULE A

A.   Satisfaction of the Agreed Final Judgment entered in *Patino, et al v. El Rey del Chivito Corp., et al*, Case No. 10-23726-CIV-HUCK may be accomplished at a discount in the following manner, with the caveat that every step and item of this Schedule "A" is material to the discounted satisfaction permitted hereby:

1. Step One:   $1,300.00 paid not later than April 10, 2011;
2. Step Two:   $1,300.00 paid not later than May 10, 2011;
3. Step Three:   $1,300.00 paid not later than June 10, 2011;
4. Step Four:   $1,300.00 paid not later than July 10, 2011;
5. Step Five:   $1,300.00 paid not later than August 10, 2011;
6. Step Six:   $1,300.00 paid not later than September 10, 2011;
7. Step Seven:   $1,300.00 paid not later than October 10, 2011;
8. Step Eight:   $1,300.00 paid not later than November 10, 2011;
9. Step Nine:   $1,300.00 paid not later than December 10, 2011;
10. Step Ten:   $1,300.00 paid not later than January 10, 2012;
11. Step Eleven:   $1,300.00 paid not later than February 10, 2012;
12. Step Twelve:   $1,300.00 paid not later than March 10, 2012;
13. Step Thirteen:   $1,300.00 paid not later than April 10, 2012;
14. Step Fourteen:   $1,300.00 paid not later than May 10, 2012;
15. Step Fifteen:   $1,300.00 paid not later than June 10, 2012;
16. Step Sixteen:   $1,300.00 paid not later than July 10, 2012;
17. Step Seventeen:   $1,300.00 paid not later than August 10, 2012;
18. Step Eighteen:   $1,300.00 paid not later than September 10, 2012;
19. Step Nineteen:   $1,300.00 paid not later than October 10, 2012;
20. Step Twenty:   $1,300.00 paid not later than November 10, 2012;
21. Step Twenty One:   $1,300.00 paid not later than December 10, 2012;
21. Step Twenty Two:   $1,300.00 paid not later than January 10, 2013;
23. Step Twenty Three:   $1,300.00 paid not later than February 10, 2013;
24. Step Twenty Four:   $1,300.00 paid not later than March 10, 2013;
25. Step Twenty Five:   $1,300.00 paid not later than April 10, 2013;
26. Step Twenty Six:   $1,300.00 paid not later than May 10, 2013;
27. Step Twenty Seven:   $1,300.00 paid not later than June 10, 2013;
28. Step Twenty Eight:   $1,300.00 paid not later than July 10, 2013;
29. Step Twenty Nine:   $1,300.00 paid not later than August 10, 2013;
30. Step Thirty:   $1,300.00 paid not later than September 10, 2013;

B.   All payments in Item "A" above will be made to the Anthony F. Sanchez, P.A. IOTA Trust Account; Anthony F. Sanchez, P.A. shall acknowledge each payment contemporaneously upon receipt. Every payment made will reduce the $50,000.00 amount due under the Agreed Final Judgment.

C.   At any time after any payment described in Steps One through Thirty is not made by the date indicated, a Notice of Default or Notice of Defaults may, at the Plaintiffs' option, be filed electronically as a docket entry in the case of *Patino, et al v. El Rey del*

*Chivito Corp., et al*, Case No. 10-23726-CIV-HUCK. The filing of such a Notice of Default or Defaults will automatically trigger a fourteen calendar day cure period which will afford the Defendant the opportunity to cure any and every default existing at the time of filing the Notice of Default.

D.   The failure to cure any such Notice of Default within fourteen calendar days will be considered a material breach and an abandonment of the Defendant's right to discounted Satisfaction of the Agreed Final Judgment, but every payment made under this Agreement will be credited toward the principal balance owing under the Agreed Final Judgment.

E.   The Plaintiff may record the Agreed Final Judgment, but will not execute, or levy thereon unless a default remains uncured fourteen calendar days following the proper filing of a Notice of Default or Notices of Defaults. The parties agree that in the event of execution, garnishment, levy or other post-judgment collection procedures, the Plaintiffs will credit defendants for all payments made pursuant to this agreement.

F.   The District Court will not have jurisdiction to vary or amend the material terms and conditions of this Schedule "A" or to extend the cure periods which may only be extended by written consent of the Plaintiff.

G.   If Defendant complies with the payment terms set forth in this schedule "A," Plaintiff shall execute and deliver to Defendant for recording a satisfaction of the agreed final judgment for recording by Defendants.

H.   A Satisfaction of Default would be prepared by Defendants for execution by Plaintiff or Plaintiff's counsel as evidence of curing any noticed default. Such form of Satisfaction of Default would be submitted by Defendant together with the corresponding cure payment and returned to counsel for the Defendant for electronic filing.