UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23726-CIV-HUCK/O'SULLIVAN

VANESSA PATINO, et al.,

    Plaintiffs,

vs.

EL REY DEL CHIVITO CORP., et al.,

    Defendants,

vs.

BANCO POPULAR NORTH AMERICA,

    Garnishee.

_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiffs' Motion for Entry of Final Judgment in Garnishment Against Garnishee Banco Popular North America (DE# 48, 9/3/13). On August 8, 2013, the Clerk of the Court issued a writ of garnishment to Banco Popular North America d/b/a "Popular Community Bank" (hereinafter "garnishee"). See Writ of Garnishment (DE# 47, 8/8/13). The garnishee did not file its answer within the time allotted by the Florida garnishment statutes[1] and the plaintiffs moved for a default final judgment against the garnishee. See Plaintiff[s'] Reply to Garnishee "Banco Popular North America" Answer to Writ of Garnishment [DE 49]" (DE# 51 at 1, 9/6/13) (stating that "Plaintiff[s] ha[ve] moved for Default Judgment"). The

---

[1] The garnishee filed its answer to the writ of garnishment on September 4, 2013. See Answer to Writ of Garnishment by Banco Popular North America (DE# 49, 9/4/13).

plaintiffs did not obtain a clerk's default against the garnishee prior to seeking a default judgment. The plaintiffs maintain that "the entry of a Clerk's Default under Rule 55(a), Fed. R. Civ. P. is not a prerequisite to a motion for default judgment under Rule 55(b)(2)." Plaintiff[s'] Reply to Garnishee's "Response to Plaintiffs' Motion for Entry of Final Judgment in Garnishment Against Garnishee Banco Popular North America . . ." [DE 55]" (DE# 59, 9/18/13). In Brantley v. DEA, No. 2:12-cv-361FtM-99SPC, 2012 WL 6015591, at *1 (M.D. Fla. Dec. 3, 2012), the court concluded that Rule 55 required the entry of a clerk's default before the district court could enter a default final judgment:

> Rule 55 sets out a two-step procedure for obtaining a default judgment. [Bardfield v. Chisholm Prop. Circuit Events, LLC, No. 3:09cv232/MCR/EM, 2010 WL 2278461 *6 (N.D. Fla. May 4, 2010)]. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default. Id. (citing Fed. R. Civ. P. 55(a)). Second, after entry of the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant for not appearing or defending. [Id.] (citing Fed. R. Civ. P. 55(b)(2)). Thus, by its terms, Rule 55 characterizes an entry of default and a default judgment as two distinct events. See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)). The Plaintiff here has never moved for a clerk's default nor has one been entered by the Court.

See also Thompson v. Mosby Legal Group, LLC, No. 3:12-cv-692-J-99TJC-TEM, 2013 WL 2191511, *1 (M.D. Fla. May 21, 2013) (stating that "[i]t is inappropriate to file a motion for default judgment prior to obtaining an entry of default from the Clerk.").

Rule 69 of the Federal Rules of Civil Procedure provides, in part, that: "The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In the instant

motion, the plaintiffs cite to sections 77.081(1) and (2) of the Florida garnishment statutes which state:

> (1) If the garnishee fails to answer as required, a default shall be entered against him or her.
>
> (2) On the entry of judgment for plaintiff, a final judgment shall be entered against the garnishee for the amount of plaintiff's claim with interest and costs. No final judgment against a garnishee shall be entered before the entry of, or in excess of, the final judgment against the original defendant with interest and costs. If the claim of the plaintiff is dismissed or judgment is entered against the plaintiff the default against garnishee shall be vacated and judgment for the garnishee's costs entered.

Plaintiffs' Motion for Entry of Final Judgment in Garnishment Against Garnishee Banco Popular North America (DE# 48 at 2, 9/3/13) (quoting Fla. Stat. § 77.081(1)-(2)). The Florida Supreme Court has stated that "section 77.081(2) applies only to a prejudgment writ of garnishment and that a writ of garnishment under chapter 77 asserts a claim for an unliquidated sum." BellSouth Adver. & Pub. Corp. v. Sec. Bank, N.A., 698 So.2d 254, 256 (Fla. 1997) (per curiam). In the instant case, the Court entered an Agreed Final Judgment (DE# 42) on April 6, 2011. Thus, the Writ of Garnishment (DE# 47) issued to the garnishee on August 8, 2013 was a post-judgment writ of garnishment and section 77.081(2) is inapplicable here. In the underlying district court opinion in BellSouth, the lower appellate court stated:

> We are in general agreement with the analysis of this point in Trawick's Florida Practice and Procedure. After default, "[n]o judgment can be entered against the garnishee in excess of the amount remaining unpaid on the judgment against the garnishment defendant or in excess of the garnishee's liability to the garnishment defendant." Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure, § 33-6, at 559 (1995 ed.) (footnote omitted). The plaintiff must propound discovery to the garnishee, or subpoena the garnishee to give evidence, in order "to ascertain the correct amount of the garnishee's obligation before entry of final judgment against the garnishee." Id. (footnote omitted).

3

<u>Sec. Bank, N.A. v. BellSouth Advert. & Pub. Corp.</u>, 679 So.2d 795, 800 (Fla. 3d DCA 1996) (emphasis omitted). Because the plaintiffs did not obtain a clerk's default, they are not entitled a default final judgment against the garnishee. Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Entry of Final Judgment in Garnishment Against Garnishee Banco Popular North America (DE# 48, 9/3/13) is **DENIED without prejudice**.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **15th** day of October, 2013.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record

Copies mailed by Chambers to:
Jason A. Rosenthal
Counsel for Garnishee
The Rosenthal Law Firm, P.A.
4798 New Broad Street
Suite 310
Orlando, FL 32814