UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23726-CIV-HUCK/O'SULLIVAN

VANESSA PATINO, et al.,

             Plaintiffs,

vs.

EL REY DEL CHIVITO CORP., a
Florida corporation and
ARON WOLFSON, individually,

             Defendants,

vs.

BANCO POPULAR NORTH AMERICA,
a foreign for profit corporation d/b/a
"Popular Community Bank"

             Garnishee.

_____/

## ORDER

       THIS MATTER comes before the Court on the Agreed Plaintiffs' Motion for Entry of Final Judgment in Garnishment on the Pleadings Against Garnishee Banco Popular North America (DE# 90, 12/16/13).

## ANALYSIS

       Pursuant to Federal Rule of Civil Procedure 69, the Court must follow state law with regard to garnishment procedures. Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment. To obtain a writ of garnishment after judgment, the plaintiffs were required to file a motion stating the amount of the judgment. Fla. Stat. § 77.03. The plaintiffs

satisfied this requirement in their motion for the issuance of a writ of garnishment to Banco Popular North America (hereinafter "Banco Popular"). See Motion for Writ of Garnishment After Judgment (DE# 46 at ¶1, 8/7/13).

After a writ of garnishment is issued, Chapter 77 requires that the plaintiffs provide two separate notices in connection with the garnishment proceeding. Subsection 77.041(1) prescribes the first provision for notice to the defendants and the exact language of a "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property." Fla. Stat. § 77.041(1). Subsection 77.041(2) requires the plaintiffs to:

> mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the 'Notice to Defendant' [set forth in sub-section 77.041(1)] to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later . . . The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.041(2). The docket does not show that the plaintiffs complied with the initial notice requirement of section 77.041 with respect to the Writ of Garnishment (DE# 47, 8/8/13) issued to Banco Popular and the instant motion does not state that the plaintiffs complied with section 77.041.

Section 77.055 prescribes the second notice requirement once the garnishee has filed its answer. Section 77.055 provides, in part:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and

any other address disclosed by the garnishee's answer **and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee.** The plaintiff shall file in the proceeding a certificate of such service.

Fla. Stat. § 77.055 (emphasis added). On September 4, 2013, Banco Popular filed its

answer to the writ of garnishment. See Answer to Writ of Garnishment by Banco

Popular North America (DE# 49, 9/4/13). The answer to the writ of garnishment states,

in pertinent part:[1]

> 3.     Banco Popular North America's search of its records indicates that Defendant, Aron Wolfson, holds one **joint checking account**, number ending in -3572.

> 4.     The **joint checking account**, number ending in -3572, had a balance of $161.26 on the date of service of this writ and has a balance of $2,781.36 as of the date of service of this answer.

Id. at ¶¶ 3-4 (emphasis added).

On September 6, 2013, the plaintiffs filed their Notice to Defendant[s] Pursuant

to Florida Statutes Section 77.055 (DE# 50, 9/6/13) indicating that:

> 1.     A copy of the "Answer to Writ of Garnishment by Banco Popular North America" [DE.49] filed by Banco Popular North America d/b/a "Popular Community Bank" is attached to this Notice as Exhibit "A" and provided to the Defendants by mail pursuant to Florida Statute 77.055.

> 2.     Pursuant to Florida Statute 77.055, the Defendants and any other recipient of this Notice are hereby advised that they must move to dissolve the Writ of Garnishment [DE.47] within 20 days after the date indicated in the Certificate of Service at the bottom of this Notice, if any allegation in the Plaintiffs' Motion for Writ of Garnishment After Judgment [DE. 46] us untrue.

Id. Although the plaintiffs' notice was timely under section 77.055, it is insufficient.

---

[1] The plaintiffs seek a final judgment in garnishment only as to the account number ending in -3572.

Banco Popular's Answer disclosed that defendant Aron Wolfson's checking account was a "joint checking account." There is no indication that the plaintiffs provided notice to the co-owner(s) of the checking account.

Florida law requires garnishment statutes to be strictly construed. Gigliotti Contracting North, Inc. v. Traffic Control Products of N. Fla., Inc., 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001). In Padadopoulos v. Sidi, No. 05-22010-CIV-SEITZ, the magistrate judge issued a report and recommendation recommending that a motion for final judgment against a garnishee be denied because the plaintiff failed to comply with the notice requirement of section 77.055 of the Florida garnishment statutes. See Report and Recommendation on Plaintiff's Motion for Final Judgment Against Garnishee Morgan Stanley & Co, Inc. (DE# 271 in Case No. 05-cv-22010, 3/26/08). The report and recommendation was subsequently affirmed and adopted by this Court. See Order Affirming and Adopting Report and Recommendation on Plaintiffs' Motion for Final Judgment Against Morgan Stanley & Co., Inc. (DE# 292 in Case No. 05-cv-22010, 5/2/08); see also Cruise Control, Inc. v. Tyler, 577 So. 2d 709, 710 (Fla. 2d DCA 1991) (per curiam) (reversing final judgment of garnishment where "garnishor failed to provide the defendant . . . with the notice required by section 77.055, Florida Statutes . . . .").

Moreover, the nature of the ownership interest in the joint checking account must be determined before a judgment may be issued. "Whether an account is held as a tenancy by the entireties or some other form of joint ownership affects the rights of creditors . . . to garnish and execute on the funds held in that account." Bernal v. All American Inv. Realty, Inc., No. 05-60956-CIV, 2009 WL 586010, at *5 (S.D. Fla. Mar. 6, 2009) (citing Mathews v. Cohen, 382 B.R. 526, 530 (M.D. Fla. 2007)). The Court cannot

4

enter a final judgment in garnishment before notice and an opportunity to object under the garnishment statutes have been provided to the joint account holder(s) and the ownership interest in the joint checking account has been determined. See Fla. Pub. Serv. Comm'n v. Pruitt, Humphress, Powers & Munroe Adver. Agency, Inc., 587 So.2d 561 (Fla. 1st DCA 1991) (reversing judgment of garnishment where answer to writ of garnishment raised issue of fact concerning ownership of funds in garnished bank account).

## CONCLUSION

Because the plaintiffs have not shown compliance with the notice requirements of sections 77.041 and 77.055 and Banco Popular's Answer (DE# 49) raises issues regarding the ownership of the subject checking account, it is

ORDERED AND ADJUDGED that the Agreed Plaintiffs' Motion for Entry of Final Judgment in Garnishment on the Pleadings Against Garnishee Banco Popular North America (DE# 90, 12/16/13) is **DENIED without prejudice to renew** once the plaintiffs have complied with the applicable provisions of the Florida garnishment statutes.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **18th** day of December, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Huck
All counsel of record

Copies mailed by Chambers to:
Jason A. Rosenthal
The Rosenthal Law Firm, P.A.
4798 New Broad Street
Suite 310
Orlando, FL 32814